# Exhibit A

FILED by Macomb County Circuit Court
5/12/2026

Approved, SCAO

2026-002117-CZ
AVIS ET AL. VS. UNIQUE VACATIONS INC

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| | | |
|---|---|---|
| **STATE OF MICHIGAN** | | **CASE NUMBER** |
| 16th — **JUDICIAL DISTRICT** | **SUMMONS** | 26- 002117 -CZ |
| Macomb — **JUDICIAL CIRCUIT COUNTY** | | Jennifer M. Faunce |

**Court address**                                                                 **Court telephone number**

40 North Main Street, Mount Clemens, MI 48043

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Avis and Reanne Choulagh | **v** | Unique Vacations, INC.<br>5505 Waterford District Drive, Suite 3000<br>Miami, FL 33126<br>(305) 284-1300 |

Plaintiff's attorney bar number, address, and telephone number

Peter A. Torrice (P68242)
32059 Utica Road
Fraser, MI 48026
(586) 285-1700

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in  ☐ this court,  ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action  ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 5-12-26 | 8-11-26 | /s/ Anthony G. Forlini |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

/s/ ANTHONY G. FORLINI
COUNTY CLERK

**MC 01**  (3/23)  **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105
SRA

Summons  (3/23)                                              **Case Number** 26- 002117    -CZ

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                                         Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

FILED by Macomb County Circuit Court
5/12/2026

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

**AVIS and REANNE CHOULAGH**
As Individuals and Parents of Minor Children,

    Plaintiff,

Case No. 2026- 002117 -CZ
Honorable Jennifer M. Faunce

v.

**UNIQUE VACATIONS, INC.,**
A Florida Corporation,

    Defendant.

---

CANU TORRICE LAW PLLC
Peter A. Torrice (P68242)
Attorney for Plaintiff
32059 Utica Road
Fraser, MI 48026
(586) 285-1700
Torricep@yahoo.com

---

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.*

## COMPLAINT

NOW COME Plaintiffs, AVIS and REANNE CHOULAGH and on behalf of their minor

children, by and through its attorney, CANU TORRICE LAW PLLC and for its Complaint against

Defendant, UNIQUE VACATIONS, INC. states as follows:

## PARTIES

1. Plaintiffs Avis Choulagh and Reanne Choulagh are residents of Macomb County,

Michigan.

2. Plaintiffs bring this action individually and as next friends of their minor children.

3. Defendant Unique Vacations, Inc. is a Florida corporation conducting business throughout the United States, including the State of Michigan.

4. Defendant owns and coordinates availability for Sandels Resorts properties.

5. Defendant owns and coordinates availability for Beaches Resort Turks and Caicos where Plaintiff and family stayed.

6. Upon information and belief, Defendant is an agent, servant, employee, partner, joint venturer, or alter ego of one another and were acting within the course and scope of that relationship.

7. Plaintiffs reserve the right to amend this Complaint to add additional Defendants as they become known.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendants pursuant to MCL 600.715.

9. Defendant transacted business within the State of Michigan.

10. Defendant contracted with Plaintiffs, Michigan residents, for lodging, resort accommodations, and vacation services.

11. The contract for services was entered into while Plaintiffs were located in Macomb County, Michigan.

12. Plaintiffs booked and paid for the vacation from Macomb County, Michigan.

13.     Defendants purposefully avail themselves of conducting business within Michigan by marketing, advertising, and selling vacation packages to Michigan residents.

14.     Plaintiffs suffered financial and emotional damages in the State of Michigan.

15.     Venue is proper in Macomb County pursuant to MCL 600.1621 because Plaintiffs reside in Macomb County.

16.     The amount in controversy exceeds $25,000 but is less than $75,000, exclusive of costs, interest, and attorney fees.

## COMMON ALLEGATIONS

17.     Plaintiffs and their minor children were paying guests at Beaches Turks & Caicos Resort from January 24 to January 31, 2026.

18.     Plaintiffs rented and occupied a resort room owned, operated, or controlled by Defendants.

19.     During their stay, Plaintiffs and 2 of their minor children became trapped inside a bathroom located within their resort room.

20.     The bathroom door locking mechanism malfunctioned and prevented the door from opening.

21.     Minor children and Plaintiffs were trapped inside the bathroom and unable to exit.

22.     The 2 children began crying, screaming, and panicking while trapped.

23.     Plaintiffs attempted to open the door but were unable to do so and were panicking even more so since Plaintiffs' other minor child who was outside of the bathroom located in the living room, is special needs, autistic, and non-verbal.

24.     Plaintiffs contacted resort staff for assistance.

25.     Resort staff failed to respond in a timely manner.

26.     Plaintiffs and their minor children remained trapped for a significant period of time lasting roughly 13 minutes.

27.     The incident caused extreme fear, panic, emotional distress, and trauma to the minor children.

28.     Plaintiffs suffered emotional distress witnessing their children trapped and panicking.

29.     The incident substantially ruined Plaintiffs' vacation as no other room accommodations were provided other than a two-story room which does not work for their special needs son.

30.     Plaintiffs lost the benefit and enjoyment of their vacation.

31.     Defendants failed to properly inspect, maintain, and repair the bathroom door and locking mechanism.

32.     Defendants knew or should have known that the locking mechanism posed a danger to guests.

33.     Defendants failed to maintain safe premises for their guests.

34.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages.

## COUNT I – NEGLIGENCE

35.   Plaintiffs incorporate the preceding paragraphs.

36.   Defendants owed Plaintiffs a duty to maintain the premises in a reasonably safe condition.

37.   Defendants breached that duty by failing to inspect, repair, and maintain the bathroom door and locking mechanism.

38.   Defendants failed to respond in a timely manner to assist Plaintiffs.

39.   Defendants' negligence caused Plaintiffs' injuries and damages.

## COUNT II – PREMISES LIABILITY

40.   Plaintiffs incorporate the preceding paragraphs.

41.   Defendants owned, possessed, or controlled the premises.

42.   A dangerous condition existed on the premises.

43.    Defendants knew or should have known of the dangerous condition.

44.   Defendants failed to repair the dangerous condition.

45.   Defendants failed to warn Plaintiffs.

46.   Plaintiffs were injured as a result.

## COUNT III – FALSE IMPRISONMENT

47.   Plaintiffs incorporate the preceding paragraphs.

48.     Defendants caused Plaintiffs and their minor children to be confined within the bathroom against their will.

49.     Plaintiffs were aware of the confinement.

50.     Plaintiffs did not consent to the confinement.

51.     Plaintiffs suffered damages as a result of the confinement.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52.     Plaintiffs incorporate the preceding paragraphs.

53.     Plaintiffs witnessed their minor children trapped and in distress.

54.     Plaintiffs suffered emotional distress as a result.

55.     Defendants' negligence caused the emotional distress.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56.     Plaintiffs incorporate the preceding paragraphs.

57.     Defendants' conduct was reckless and demonstrated a substantial lack of concern for whether injury would result.

58.     Defendants' conduct caused severe emotional distress.

## COUNT VI – BREACH OF CONTRACT

59.     Plaintiffs incorporate the preceding paragraphs.

60.     Plaintiffs entered into a contract with Defendants for lodging and resort services.

61. Defendants breached the contract by failing to provide safe accommodations.

62. Plaintiffs suffered damages including loss of vacation value and expenses.

## COUNT VII – BREACH OF IMPLIED WARRANTY / INNKEEPER LIABILITY

63. Plaintiffs incorporate the preceding paragraphs.

64. Defendants owed a heightened duty as innkeepers.

65. Defendants breached that duty.

66. Plaintiffs suffered damages as a result.

WHEREFORE, Plaintiffs request damages in excess of $25,000 but less than $75,000, plus costs, interest, and any other relief the Court deems just.

Respectfully submitted,

/s/ Peter A. Torrice

CANU TORRICE LAW PLLC
Peter A. Torrice (P68242)
Counsel for Plaintiff
32059 Utica Road.
Fraser, MI 48026
(586) 285-1700

Dated: May 12, 2026