# Exhibit F

Case 2:19-cv-10217-VAR-APP ECF No. 1 filed 01/22/19 PageID.1 Page 1 of 18

Haddad Law Firm. PLC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RAYMOND MCDOWELL**, and
**TAJ DORSEY**,

Plaintiffs,

v. Case No. 2:19-cv-10217

**LIVONIA HOTEL BUSINESS, INC. D/B/A, AMERICAS BEST VALUE INN**, a Michigan for-profit corporation; and **LIVONIA HOTEL REAL ESTATE, LLC**, a Michigan for-profit Limited Liability Company; and **EDWARD MAKMOURA**, an individual.

Defendants.

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, Raymond McDowell and Taj Dorsey, by and through counsel, Issa Haddad, and for Plaintiff's Complaint and Jury Demand, states as follows:

## JURISDICTION

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332.

## VENUE

2. This Court has venue over this matter pursuant to 28 U.S.C. § 1391.

Case 2:19-cv-10217-VAR-APP ECF No. 1 filed 01/22/19 PageID.2 Page 2 of 18

## PARTIES

3. Plaintiff Raymond McDowell was at all relevant times a resident of the State of New Jersey and employed by a New Jersey company that delivers cargo throughout the continental United States.

4. Plaintiff Taj Dorsey was at all relevant times a resident of the State of New Jersey and an employee of Plaintiff McDowell also delivering cargo throughout the continental United States.

5. Defendant Livonia Hotel Business, Inc. d/b/a Americas Best Value Inn (hereinafter "Defendant Livonia Hotel Business") was at all relevant times a Michigan for-profit corporation that owned and/or operated Americas Best Value Inn located at 28512 Schoolcraft Road in Livonia, Michigan.

6. Defendant Livonia Hotel Real Estate, LLC (hereinafter "Defendant Livonia Hotel Real Estate") was at all relevant times a Michigan for-profit Limited Liability Company that owned and/or operated Americas Best Value Inn located at 28512 Schoolcraft Road in Livonia, Michigan.

7. Defendant Edward Makmoura (hereinafter "Makmoura") was at all relevant times an employee and agent of Defendant Livonia Hotel Business and/or Defendant Livonia Hotel Real Estate that owned and/or operated Americas Best Value Inn located at 28512 Schoolcraft Road in Livonia, Michigan.

## COMMON ALLEGATIONS

### A. Plaintiffs' Business in Metropolitan Detroit

8. On or about February 3, 2018, Plaintiff McDowell was employed by a New Jersey company which delivered sundry cargo items throughout the continental United States.

Haddad Law Firm. PLC.

9. Plaintiff McDowell hired Plaintiff Dorsey too assist with deliveries of sundry cargo items throughout the continental United States.

10. On or about February 3, 2018, Plaintiffs drove a semi-truck to the metropolitan Detroit area to deliver furniture to a residence located in Farmington Hills, Michigan.

**B. <u>Plaintiffs' Lease of Hotel room at Americas Best Value Inn</u>**

11. Plaintiffs leased room 208 from Defendant Livonia Hotel Business and/or Defendant Livonia Hotel Real Estate at the Americas Best Value Inn located at 28512 Schoolcraft Road in Livonia, Michigan on February 3, 2018.

12. At all times, Room 208 was secured by an electronic keycard lock.

13. At all times, the electronic keycard lock that secured room 208 caused the door to lock automatically when it closed.

14. The electronic keycard lock that secured room 208 was operated by a programmable keycard.

15. The keycard was programmable onsite by employees at the Americas Best Value Inn.

16. Due to its programmable characteristic, the keycard was duplicable by employees of Americas Best Value Inn.

**C. <u>Plaintiff McDowell's Employment of Antonio Fowler-Mitchell</u>**

17. During previous cargo deliveries to the area, Plaintiff McDowell had advertised on Craigslist.com for a laborer to assist with the cargo delivery.

18. As a result of the advertisement on Craigslist.com, Plaintiff McDowell had previously hired Antonio Fowler-Mitchell to assist with cargo deliveries in the area.

Haddad Law Firm. PLC.

Case 2:19-cv-10217-VAR-APP ECF No. 1 filed 01/22/19 PageID.4 Page 4 of 18

19. Plaintiff McDowell hired Fowler-Mitchell to assist with the February 3, 2018, furniture delivery to the residence located in Farmington Hills, Michigan.

**D. <u>Plaintiffs' Completion of Business in Metropolitan Detroit</u>**

20. Plaintiff McDowell leased a U-Haul truck in Southfield, Michigan, to deliver the furniture to the location in Farmington Hills, Michigan.

21. Plaintiffs drove the semi-truck and the U-Haul truck to a location in Livonia, Michigan, where they met Fowler-Mitchell at approximately 7:00 p.m. EST.

22. Fowler-Mitchell assisted Plaintiffs in moving the furniture from the semitrailer into the U-Haul truck.

23. Plaintiffs and Fowler-Mitchell drove the U-Haul truck to a residence in Farmington Hills, Michigan, where they delivered the furniture, and Plaintiff McDowell assembled a dining room table.

24. Upon completing their work at the Farmington Hills residence, Plaintiffs and Fowler-Mitchell drove the U-Haul truck back to the location in Livonia, Michigan, where they transferred their delivery equipment from the rented U-Haul truck back into the semitrailer.

25. Plaintiffs then drove the semi-truck back to Americas Best Value Inn, and Fowler-Mitchell returned the U-Haul back to the U-Haul dealer in Southfield, Michigan.

26. On or about February 3, 2018, between 9:00 p.m. and 10:00 p.m. that evening, Plaintiff McDowell contacted Fowler-Mitchell via telephone and told Fowler-Mitchell to stop by Plaintiffs' hotel room at Americas Best Value Inn, so Plaintiff McDowell could pay him for his work.

27. Fowler-Mitchell subsequently arrived at Plaintiffs' hotel room wearing a burgundy hooded sweatshirt, sweatpants with cargo pants, and a high visibility reflective vest.

Haddad Law Firm, PLC.

28. Plaintiff McDowell paid Fowler-Mitchell $100 for his labor.

**E. The Robbery Attempt**

29. Between 6:30 a.m. and 7:00 a.m., on February 4, 2018, Plaintiffs, who were asleep in room 208, heard a loud knock on the door.

30. Plaintiff McDowell peered through the blinds and observed Fowler-Mitchell standing at the door.

31. Plaintiff McDowell instructed Fowler-Mitchell to leave because Plaintiffs were sleeping.

32. Plaintiff McDowell also observed a second African-American male outside standing near the door to the room.

33. Plaintiff McDowell then alerted Plaintiff Dorsey as to what had just happened.

**F. Fowler-Mitchell Obtains a Keycard for room 208**

34. Fowler-Mitchell walked from room 208 to the front desk of the Americas Best Value Inn.

35. Defendant Makmoura was working at the front desk in his capacity as an employee and agent for Defendant Livonia Hotel Business and/or Defendant Livonia Hotel Real Estate.

36. Fowler-Mitchell requested that Defendant Makmoura provide him a duplicate keycard for room 208.

37. Fowler-Mitchell was not a leasee of room 208.

38. Fowler-Mitchell had no legal right to access room 208.

39. Fowler-Mitchell was not authorized to access room 208.

40. Fowler-Mitchell was not authorized to request a duplicate keycard for room 208.

Haddad Law Firm. PLC.

Case 2:19-cv-10217-VAR-APP ECF No. 1 filed 01/22/19 PageID.6 Page 6 of 18

41. Defendant Makmoura had no legal right to issue to Fowler-Mitchell a duplicate keycard for room 208.

42. Defendant Makmoura was not authorized to issue a duplicate keycard to Fowler-Mitchell for room 208.

43. At Fowler-Mitchell's request, Defendant Makmoura, acting in his capacity as employee and agent for Defendant Livonia Hotel Business and/or Defendant Livonia Hotel Real Estate at the Americas Best Value Inn, provided Fowler-Mitchell with a duplicate keycard for room 208.

**G. <u>The Armed Robbery and Vicious Assault</u>**

44. After obtaining the duplicate keycard for room 208, Fowler-Mitchell and two other unidentified men used the duplicate keycard to open the door to room 208.

45. After opening the door to room 208, Fowler-Mitchell and/or the two other unidentified men with him forced their way into the room and through the door's chain lock that Plaintiffs had secured.

46. One of the men brandished a pistol, which he used to strike Plaintiff McDowell on the head.

47. Fowler-Mitchell and/or the two other unidentified men then physically beat and robbed Plaintiff McDowell.

**H. <u>Fowler-Mitchell's Arrest and Conviction</u>**

48. On or about February 7, 2018, Fowler-Mitchell was arrested for physically beating and robbing Plaintiffs.

49. Fowler-Mitchell was charged with 20 felony charges for his participation in physically beating and robbing of Plaintiffs.

Haddad Law Firm. PLC.

50. On April 27, 2018, Fowler-Mitchell pled guilty to one count of Felony Firearm, one count of First-Degree Home Invasion, and two counts of Armed Robbery.

51. On May 14, 2018, Fowler-Mitchell was sentenced to two years for one count of Felony Firearm, 8 to 20 years for two counts of Armed Robbery and 8 to 20 years for one count of First-Degree Home Invasion.

52. Fowler-Mitchell is currently imprisoned with the Michigan Department of Corrections. His earliest release date is February 3, 2028.

53. The two other unidentified men who had beat and robbed Plaintiff McDowell were never apprehended.

**LEGAL CLAIMS**

**COUNT I: GROSS NEGLIGENCE**

54. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

55. Defendants had knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.

56. Defendants had the ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.

57. Defendants failed to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including

Haddad Law Firm. PLC.

Case 2:19-cv-10217-VAR-APP ECF No. 1 filed 01/22/19 PageID.8 Page 8 of 18

attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

**COUNT II: ACTIVE NEGLIGENCE**

58. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

59. Defendants owed Plaintiffs a general duty:

A. To use ordinary due care;

B. To use reasonable care toward persons, such as sleeping patrons, readily identifiable as being vulnerable to a third party's criminal conduct; and

C. To maintain and operate the hotel premises in a reasonably safe condition for its patrons.

60. Defendants owed Plaintiffs a heightened duty of care due to keep Plaintiffs safe from injury due to:

A. Defendants' status as an innkeeper;

B. The inherent vulnerability of patrons sleeping in their business; and

C. The inherently dangerous activity involved with issuing duplicate room keys to unknown persons.

61. Defendants breached their general and heightened duties that they owed to Plaintiffs when they:

A. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys were properly identified;

B. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the keys they were requesting;

Haddad Law Firm. PLC.

C. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the key they were requesting;

D. Failed to create, implement, or maintain a key control policy;

E. Failed to train employees regarding proper key control and security;

F. Failed to create, implement, or maintain a policy regarding proper identification of persons claiming to be patrons;

G. Failed to train employees regarding proper identification of persons claiming to be patrons;

H. Failed to create, implement, or maintain a policy regarding proper issuance of duplicate room keys; and

I. Failed to train employees regarding proper issuance of duplicate room keys.

Haddad Law Firm. PLC.

62. Defendants breach of their general and heightened duties was the proximate cause and cause in fact of Plaintiffs' injuries.

63. Plaintiff has suffered damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

**COUNT III: NEGLIGENT ENTRUSTMENT**

64. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

65. Defendants supplied Fowler-Mitchell with an access control key card to room 208.

66. Defendants supplied Fowler-Mitchell with the access control key card for Fowler-Mitchell's use.

67. Defendants knew or had reason to know that Fowler-Mitchell was likely to use the access control key card in a manner involving unreasonable risk of physical harm to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

Haddad Law Firm. PLC.

**<u>COUNT IV: INTENTIONAL NUISANCE *PER SE*</u>**

68. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

69. Defendants engaged in acts when they:

A. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys were properly identified;

B. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the keys they were requesting;

C. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the key they were requesting;

D. Failed to create, implement, or maintain a key control policy;

E. Failed to train employees regarding proper key control and security;

F. Failed to create, implement, or maintain a policy regarding proper identification of persons claiming to be patrons;

G. Failed to train employees regarding proper identification of persons claiming to be patrons;

H. Failed to create, implement, or maintain a policy regarding proper issuance of duplicate room keys;

I. Failed to train employees regarding proper issuance of duplicate room keys; and

J. Supplied Fowler-Mitchell with an access control key card to room 208 when Fowler-Mitchell was not authorized to access room 208.

70. Defendants' conduct was intended to bring about conditions that constitute a nuisance.

71. Defendants' acts constitute a nuisance at all times and under any circumstances.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

**<u>COUNT V: NEGLIGENT NUISANCE *PER SE*</u>**

72. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

73. Defendants engaged in acts when they:

Haddad Law Firm. PLC.

A. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys were properly identified;

B. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the keys they were requesting;

C. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the key they were requesting;

D. Failed to create, implement, or maintain a key control policy;

E. Failed to train employees regarding proper key control and security;

F. Failed to create, implement, or maintain a policy regarding proper identification of persons claiming to be patrons;

G. Failed to train employees regarding proper identification of persons claiming to be patrons;

H. Failed to create, implement, or maintain a policy regarding proper issuance of duplicate room keys;

I. Failed to train employees regarding proper issuance of duplicate room keys; and

J. Supplied Fowler-Mitchell with an access control key card to room 208 when Fowler-Mitchell was not authorized to access room 208.

74. Defendants' conduct entailed an unreasonable risk of injury.

75. Defendants' acts constitute a nuisance at all times and under any circumstances.

Haddad Law Firm. PLC.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

**COUNT VI: INTENTIONAL NUISANCE IN FACT**

76. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

77. Defendants engaged in acts when they:

A. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys were properly identified;

B. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the keys they were requesting;

C. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the key they were requesting;

D. Failed to create, implement, or maintain a key control policy;

E. Failed to train employees regarding proper key control and security;

F. Failed to create, implement, or maintain a policy regarding proper identification of persons claiming to be patrons;

G. Failed to train employees regarding proper identification of persons claiming to be patrons;

Haddad Law Firm. PLC.

H. Failed to create, implement, or maintain a policy regarding proper issuance of duplicate room keys;

I. Failed to train employees regarding proper issuance of duplicate room keys; and

J. Supplied Fowler-Mitchell with an access control key card to room 208 when Fowler-Mitchell was not authorized to access room 208.

78. Defendants' conduct was intended to bring about conditions that constitute a nuisance.

79. Defendants' acts constitute a nuisance in fact by reason of circumstances and surroundings which made the natural tendency of Defendants' acts to create danger and inflict injury on person or property.

Haddad Law Firm. PLC.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

**COUNT VII: NEGLIGENT NUISANCE IN FACT**

80. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

81. Defendants engaged in acts when they:

A. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys were properly identified;

Case 2:19-cv-10217-VAR-APP ECF No. 1 filed 01/22/19 PageID.15 Page 15 of 18

Haddad Law Firm. PLC.

B. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the keys they were requesting;

C. Failed to create, implement, or maintain a policy which is ensured that people requesting room keys had a lawful right to access the room associated with the key they were requesting;

D. Failed to create, implement, or maintain a key control policy;

E. Failed to train employees regarding proper key control and security;

F. Failed to create, implement, or maintain a policy regarding proper identification of persons claiming to be patrons;

G. Failed to train employees regarding proper identification of persons claiming to be patrons;

H. Failed to create, implement, or maintain a policy regarding proper issuance of duplicate room keys;

I. Failed to train employees regarding proper issuance of duplicate room keys; and

J. Supplied Fowler-Mitchell with an access control key card to room 208 when Fowler-Mitchell was not authorized to access room 208.

82. Defendants' conduct entailed an unreasonable risk of injury.

83. Defendants' acts constitute a nuisance in fact by reason of circumstances and surroundings which made the natural tendency of Defendants' acts to create danger and inflict injury on person or property.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

**COUNT VIII: UNFAIR, UNCONSCIONABLE, OR DECEPTIVE TRADE PRACTICES**

84. Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

85. Defendants are engaged in trade or commerce.

86. Defendants engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce by:

A. Representing that goods or services had characteristics, uses, or benefits that they did not have;

B. Representing that goods or services were of a particular standard, quality, or grade when they were of another standard, quality, or grade;

C. Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented; and

D. Failing to reveal a material fact, the omission of which tended to mislead or deceive consumers and which could not reasonably be known by the consumer.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including

Haddad Law Firm. PLC.

attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

**RELIEF**

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment awarding Plaintiffs monetary damages (including but not limited to compensatory, special, consequential, and punitive damages) in excess of $75,000, award all fees and costs (including attorney's fees) incurred as a result of bringing and maintaining the present action, and awarding Plaintiffs any other relief to which they may be entitled.

Respectfully submitted,

*/s/ Issa G. Haddad*

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025-4550
(248) 633-8500

Dated: January 22, 2019

Haddad Law Firm. PLC.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Issa G. Haddad*

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025-4550
(248) 633-8500

Dated: January 22, 2019

Haddad Law Firm. PLC.